IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATARSHIA LEE, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CITY OF WALTHOURVILLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Latarshia Lee ("Plaintiff" or "Lee"), through undersigned counsel, and files this Complaint against Defendant, City of Walthourville ("Defendant" or "City"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Because a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district, venue is proper in the district pursuant to 28 U.S.C. §1367 and 29 U.S.C. § 1391(b).

## III. Parties and Facts

5.

Defendant, City of Walthourville, is one of seven municipalities in Liberty County, GA and is subject to the jurisdiction of this court.

6.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

7.

Plaintiff is a resident of the State of South Carolina and subject to the jurisdiction of this Court.

8.

Plaintiff began her employment with the Defendant on February 2, 2015 and remains employed.

9.

Plaintiff was and remains an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. §203(e).

10.

Plaintiff is employed as a police officer and her employment with the City includes, but is not limited to her primary duties, which include non-exempt work such as patrolling, conducting traffic stops, and appearing as a First Responder.

11.

Throughout her employment with Defendant, Plaintiff was paid a fixed salary, irrespective of the hours she worked in any given week.

12.

While employed by Defendant, Plaintiff regularly worked an amount of time that was more than 40 hours in any given workweek and was not paid the overtime wage differential for hours she worked over 40 in those workweeks.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

### Violations of the Fair Labor Standards Act.

16.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set

forth herein.

17.

Plaintiff is non-exempt for purposes of the FLSA, 29 U.S.C. § 201 et seq.

18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

20.

Defendant's violations of the FLSA were willful and in bad faith.

21.

Defendant knew or showed reckless disregard for its actions, policies, and/or omissions violated the FLSA.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant mis-classified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)   Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted his 20th day of July, 2017.

**BARRETT & FARAHANY**

/s/ Ian E. Smith
Amanda A. Farahany
Georgia Bar No. 646135
Ian E. Smith
Georgia Bar No. 661492

*Attorneys for Latarshia Lee*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
amanda@justiceatwork.com
iesmith@justiceatwork.com